**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVELYN C. CO,<br>Plaintiff,<br>v.<br>LAW OFFICES OF HARRIS & ZIDE,<br>Defendant. | Case No. 5:21-cv-00521<br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes EVELYN C. CO ("Plaintiff"), by and through the undersigned, complaining as to the conduct of LAW OFFICES OF HARRIS & ZIDE. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788 *et seq.*, against Defendant for its unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Central District of California.

## PARTIES

4. Plaintiff is a consumer and a natural person over-the-age of 18 residing in Chino Hills, California, which is within the Central District of California.

5. Defendant is a third party debt collection law firm that regularly collects or attempts to collect debts originally owed to others.[1] Defendant's principal place of business is located at 1445 Huntington Drive, Suite 300, South Pasadena, California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

[1] https://www.harrisandzide.com/

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempt to collect upon outstanding debt ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from Plaintiff's purportedly defaulted payments said to be owed in connection with a credit card issued through Citibank, N.A. ("Citibank") which Plaintiff used for her personal purposes.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, Citibank charged off the subject debt and sold the subject debt to LVNV Funding, LLC ("LVNV"), who in turn placed the debt with Defendant for collection purposes.

10. On or about February 23, 2021, Defendant sent Plaintiff a collection letter attempting to collect upon the subject debt.

11. The collection letter represents that the "Balance Owed" totaled $5,399.11.

12. The collection letter further offered Plaintiff three options to go about addressing the subject debt, offering different payment schedules and discounts.

13. All of the settlement offers required that payment be received by Defendant no later than March 26, 2021.

14. Given the deadline set forth in Defendant's collection letter, Plaintiff was led to believe that the offers Defendant was making were time-sensitive, and failure to accept any such offers would result in such offers being unavailable down the line.

15. However, upon information and belief, Defendant, a debt collector collecting on behalf of a debt purchaser, would have re-made these offers down the line, given that it was collecting on behalf of an entity who, presumably, purchased the debt for pennies on the dollar.

16. Defendant's collection letter therefore misrepresented the time-sensitive nature of the offers, causing Plaintiff to feel concerned and stressed that she would be losing out on these options due to her inability to make payment.

17. Plaintiff was compelled to consider whether she had to use funds, which would otherwise have been necessary to pay her day-to-day expenses, in order to address the subject debt in a prompt manner, causing her undue stress and anxiety, and all because of Defendant's false and deceptive representations.

18. Courts have fashioned safe harbor language which shield debt collectors from liability when making purportedly time-sensitive offers, however, Defendant's collection letter fails to include such language.

19. Confused, distressed, and concerned by the nature of Defendant's collection letter, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in lost time.

20. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, undue stress and anxiety due to

Defendant's false representations as to the time-sensitive nature of the offers provided, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

**<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>**

21. Plaintiff repeats and alleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendant is similarly a business whose principal purpose is the collection of debts.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of the FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A); and,
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated § 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offers in its collection letter. As discussed above, the collection letter was written and formatted to convey that the settlement offers were time-sensitive in nature through its placement of a definitive deadline on its offers. However, given the circumstances surrounding the subject debt, this representation was false, deceptive, and misleading, as Defendant would have, upon information and belief, made these offers, or even better offers, after the illusory deadline would have passed. Defendant could have provided "safe harbor" language to make its representations more clear, however, Defendant chose not to use such language in a deceptive and misleading effort to compel Plaintiff's prompt payment on the subject debt, notwithstanding the false, deceptive, and misleading nature of the representations compelling such action.

WHEREFORE, Plaintiff EVELYN C. CO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further violations of law; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE RFDCPA

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

30. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

31. Defendants are "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c). Capital One is further a "creditor" as defined by

**a. Violations of RFDCPA § 1788.17**

32. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

33. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated § 1788.17; and § 1692e. Defendants engaged in a deceptive campaign to collect the subject debt from Plaintiff.

34. Defendant willfully and knowingly violated the RFDCPA through its misleading collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, EVELYN C. CO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further violations of law; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: March 25, 2021

Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com